UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CHRIS WHITE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:19-CV-00066 |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** | § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Chris White's Motion for Reconsideration. White asks the Court to reconsider the final judgment and corresponding order granting Defendant Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment. Allstate is opposed. Rather than attempt to satisfy Rule 59(e), White largely re-urges arguments that this Court already considered. For the reasons that follow, the Court **DENIES** the Motion for Reconsideration.

### I. BACKGROUND

In 2019, White filed this lawsuit in state court against Allstate alleging that he had been improperly denied insurance coverage for damage to his property during Hurricane Harvey. (Dkt. No. 41 at 3–4). After the case was removed to federal court, Judge Kenneth Hoyt ordered White and Allstate to enter into an appraisal process. (*Id.* at 4). The appraisers concluded that the damage to White's property was greater than what an Allstate adjuster had calculated. (*Id.* at 5). Allstate then wrote two checks: one for the amount determined by the appraisers and another "to cover any additional interest

[White] could possibly allege to be owed." (*Id.*). Allstate later moved for summary judgment on all of White's claims, including the claim under the Texas Prompt Payment of Claims Act (TPPCA). (Dkt. No. 16).

White raised multiple arguments in opposition to summary judgment. Relevant here is his argument that he is entitled to additional interest and attorney's fees under the TPPCA. (Dkt. No. 39 at 7). This Court disagreed, holding that Allstate was entitled to summary judgment. *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-CV-00066, 2021 WL 4311114, at *4 (S.D. Tex. Sept. 21, 2021). As the undersigned noted, "the uncontroverted evidence is that Allstate paid White the full amounts of the benefits to which White was entitled under the Policy and the interest he could have demanded under the TPPCA." *Id.* at *10. Consequently, the Court held that "[b]ecause White is not entitled to recover damages under the TPPCA as a matter of law, he is not entitled to an award of attorney's fees under Section 542A.007(a)(3)." *Id.* The Court entered final judgment on September 22, 2021. (Dkt. No. 42).

Twenty-seven days later, White filed this Motion for Reconsideration. (Dkt. No. 43). He asks the Court to vacate the final judgment and corresponding ruling concerning his attorney's fees. (*Id.* at 1). White argues that his attorneys should be paid by Allstate because he "provided sufficient evidence of Allstate's liability under the policy to defeat summary judgment[.]" (*Id.* at 2–3). White raises no other issue for reconsideration. Allstate filed a Response in opposition, (Dkt. No. 44), to which White Replied. (Dkt. No. 45).

## II.     LEGAL STANDARD

The Court construes the Motion for Reconsideration as brought under Rule 59(e) of the Federal Rules of Civil Procedure because it was filed within 28 days of final judgment.[1]  *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019).  Rule 59(e) states in full: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Granting a Rule 59(e) motion is appropriate in three circumstances: "(1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).  A Rule 59(e) motion must "clearly establish" one of these categories to obtain relief.  *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)).  Relief under Rule 59(e) is an extraordinary remedy.  *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020).

## III.     DISCUSSION

The Motion for Reconsideration does not raise a manifest error of law or fact, present newly discovered evidence, or point to an intervening change in law.  For starters, White largely repeats the same arguments that the Court previously rejected.  *Compare*

---

[1]     White argues that the Court can consider the Motion for Reconsideration under either Rule 59(e) or 60(b). (Dkt. No. 43 at 3).  White is mistaken.  *See Matter of Life Partners*, 926 F.3d at 128 ("This court construes a motion for reconsideration filed within 28 days of final judgment as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment.").

(Dkt. No. 43 at 4–5) (Subpart A) *with* (Dkt. No. 30 at 1–3) (Subpart A); (Dkt. No. 43 at 7) (Subpart C) *with* (Dkt. No. 30 at 12) (Subpart E); (Dkt. No. 43 at 7) *with* (Dkt. No. 39 at 7–8). By re-urging arguments that this Court already considered, White does not provide a valid basis under Rule 59(e) for the extraordinary remedy of upending a final judgment. *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) ("Because this [argument] was simply a 'rehashing' of the legal theory and argument raised and rejected prior to judgment, the district court did not abuse its discretion in denying it.").

Even setting aside these errors, White's Motion for Reconsideration ignores the statutory provision that the Court relied upon in denying attorney's fees: Section 542A.007 of the Texas Insurance Code. As the Court previously explained, Section 542A.007(a) "sets forth the formula for determining the amount of attorney's fees to which an injured party is entitled under a TPPCA claim[.]" *White*, 2021 WL 4311114, at *9. White's Motion for Reconsideration does not attempt to explain why the Court's calculation under this formula was incorrect.[2] As a result, the uncontroverted evidence still "shows that Allstate paid White the full amount of the appraisal award, along with an additional sum of $3,605.66 to cover any interest White could demand under the TPPCA." *Id.* at *8–9. And because "White is not entitled to recover damages under the

---

[2] In his Reply, White for the first time takes issue with the Court's calculation. (Dkt. No. 45 at 3–4). The Court need not consider this. *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251–52 (5th Cir. 2022) ("As a general matter, a district court is not required to address new legal issues raised only in a reply brief."). But even if the argument were properly before the Court, White does not even attempt to "clearly establish," *see Lamb*, 914 F.3d at 943, that there is a manifest error of law or fact, newly discovered evidence, or an intervening change in controlling law. *See Jennings*, 11 F.4th at 345.

TPPCA," the fractional value under the TPPCA's statutory attorney's fees formula is still zero. *Id.* at *10.

The only time White comes close to addressing Section 542A.007(a) in his Motion for Reconsideration is his general citation to *Ahmad v. Allstate Fire & Cas. Ins. Co.*[3] (Dkt. No. 43 at 8 n.17); (Dkt. No. 43-3). But *Ahmad* does not change he result. In *Ahmad*, the magistrate judge found that "Allstate has failed to establish as a matter of law that it paid all the interest to which the Plaintiff is entitled." No. 4:18-CV-4411, 2021 WL 2211799, at *5 (S.D. Tex. June 1, 2021). Here, by contrast, "it is undisputed that Allstate paid White the full amount of the benefits under the Policy to which he was entitled *and* all interest he could claim under the TPPCA." *White*, 2021 WL 4311114 at *10 (emphasis added). In fact, White even admits that "Allstate has arguably paid some" interest. (Dkt. No. 43 at 8). Thus, the Court's previous holding stands: "White is not entitled to attorney's fees under Section 542A.007(a)(3)." *White*, 2021 WL 4311114 at *10.

## IV.  CONCLUSION

Relief under Rule 59(e) is extraordinary. White fails to point to a manifest error of law or fact, newly discovered evidence, or an intervening change in controlling law. Accordingly, the Court **DENIES** the Motion for Reconsideration. (Dkt. No. 43).

It is SO ORDERED.

---

[3] Specifically, White cites a March 2021 order in *Ahmed* that was issued before the magistrate judge's subsequent opinion.

Signed on July 26, 2022.

                                                **DREW B. TIPTON**
                                **UNITED STATES DISTRICT JUDGE**